**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DAVID GARLAND ATWOOD, II**                                                          **PETITIONER**

**versus**                                                  **CIVIL ACTION NO. 2:11-cv-239-KS-MTP**

**STAN SMITH**                                                                        **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. On December 1, 2011, Petitioner Atwood, filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] Petitioner is currently a pre-trial detainee incarcerated in the Covington County Jail. On January 19, 2012, Petitioner filed his amended petition [13] to include information regarding the exhaustion of his state court remedies as directed by the Court. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

Petitioner states that he was arrested by Covington County authorities on August 16, 2011, and by Rankin County authorities on August 23, 2011. Petitioner states that he was able to post bond for the Rankin County charges, which was set at $10,000.00. However, Petitioner complains that he is unable to post bond for the Covington County charges because it is set at the excessive amount of $100,000.00. Petitioner also complains that he has been denied a preliminary hearing for the Covington County charges despite his repeated requests for a hearing.

On January 13, 2012, Petitioner was indicted in the Covington County Circuit Court for one count of felony enticement of a minor and one misdemeanor count of contributing to the

---

[1]Petitioner was granted permission to proceed *in forma pauperis* on January 11, 2012.

delinquency of a minor.  Petitioner asserts various defenses to the charges including challenges to the constitutionality of the applicable statutes.  As relief, Petitioner is requesting "federal intervention and a stay of prosecution," dismissal of the charges, a reduction in his bail, release from custody, and dismissal of the indictment issued by Covington County.  Pet. [1] at 18-19; Mot. [6] at 2;  Am. Pet. [13] at 3.

**Analysis**

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987).  The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973).  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489.  Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 483.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and "one who seeks only to enforce the state's

2

obligation to bring him promptly to trial." *Id.* at 489 (citing *Smith v. Hooey,* 393 U.S. 374 (1969)).  The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

In Petitioner pleadings, he does not request that the state fulfill its obligation to provide him with a prompt and speedy trial, but rather requests "a stay of prosecution," and dismissal of his state criminal charges.  As such, Petitioner is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09.  Thus, federal habeas relief is not available for these claims.

To the extent Petitioner may assert a claim that his bail is excessive or to the extent Petitioner's claims can be construed as a request to force the State court to bring him to trial, he is required to exhaust his claims in State court prior to pursuing a federal habeas corpus petition. *Dickerson*, 816 F.2d at 228.  The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  In order to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

In his amended petition, Petitioner details his pre-indictment efforts to file a motion to dismiss the charges and a petition for habeas relief with the Justice Court and the Circuit Court, respectively. Petitioner also explains that he has filed a petition with the Mississippi Supreme Court, on December 28, 2011, requesting "habeas corpus intervention" which was assigned the case number 2011-M-01894. Am. Pet. [13] at 3. A review of the online docket for the Mississippi Supreme Court reflects that Petitioner's case is pending. Clearly, Petitioner has not completed the exhaustion of his state court remedies.[2]

To the extent Petitioner is requesting that this Court order the Covington County Circuit Court to hold a preliminary hearing or a bond reduction hearing, such relief is not available. As the Fifth Circuit has explained, "federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts." *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir.1973); *see also, Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)(dismissing Petitioner's request for equitable relief based on excessive bail); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004)(vacated and remanded district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence).

## Conclusion

In sum, Petitioner is (1) seeking to circumvent a state proceeding or otherwise interfere with the state judicial processes; or (2) he is seeking relief not available via federal habeas

---

[2] In addition, the Court is not persuaded by Petitioner's assertions that "federal intervention" is justified "before the untimely and costly exhaustion of all state remedies." Pet. [1] at 7. Petitioner fails to establish exceptional circumstances required for this Court to excuse exhaustion of state remedies. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993).

corpus; or (3) he has not completed the exhaustion of his state court remedies prior to filing this petition. Therefore, Petitioner's request for habeas corpus relief will be dismissed. All pending motions are hereby terminated.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED this the 25 day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE